# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:19-CV-14343-ROSENBERG/MAYNARD

FRANK N. BONUSO,

    Plaintiff,

v.

SHERIFF PAUL BLACKMAN, in his
official capacity as Sheriff of Highlands
County Sheriff's Department; DETECTIVE
STEVEN D. RITENOUR, in his
individual and official capacity; and
SUPERVISOR JAMIE D. DAVIDSON,
in his official capacity;

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

THIS CAUSE is before the Court on the Motions to Dismiss Complaint filed by Defendants Jamie Davidson (DE 17), Paul Blackman (DE 18), and Steven Ritenour (DE 19). Plaintiff Frank N. Bonuso, who is proceeding *pro se*, filed a Response to each Motion. DE 20, 21, 22. Each Defendant filed a Reply. DE 24, 25, 26. The Court has reviewed the record in this case and the briefing for each Defendant's Motion. For reasons that follow, the Motions are GRANTED.

### I. BACKGROUND

Unless cited otherwise, facts in this section are derived from allegations in Plaintiff's Complaint (DE 1) and accepted as true for present purposes. Defendant Ritenour, a detective with the Highlands County Sherriff's Office, prepared a probable-cause affidavit in support of a warrant for Plaintiff's arrest, and allegedly made certain misrepresentations in the affidavit. The affidavit was based in part on a letter that related to a lien for professional services in connection with a construction and/or general contracting engagement. Ritenour falsified certain dollar amounts in the affidavit, failed to "understand the Construction Industry Licensing Board and unlicensed activity," DE 1, at 4

¶ 18, failed to investigate the complaint and visit the relevant jobsite, and never met Plaintiff. On February 5, 2018,[1] Ritenour contacted Debra Graves, the property owner, to "collect[] profit and overhead which is paid to license general contractors by Insurance Company" and "to use Defendants general contractors license to collect money without contractor's knowledge and approval." DE 1, at 4 ¶¶ 18, 23.

On February 15, 2018, Plaintiff received a phone call from Ritenour, who stated that he was a detective but did not identify himself as a police officer or deputy sheriff. The same day, Ritenour submitted a warrant affidavit to the State Attorney's Office for approval. It was approved and then submitted to Judge Anthony Ritenour, who signed a warrant for Plaintiff's arrest. Ritenour and the Tactical Anticrime Unit served the arrest warrant at Plaintiff's residence, and Plaintiff was arrested on charges of larceny/grand theft, fraud, and extortion. Plaintiff was held at the Highlands County Sheriff's Jail, and the next morning he bonded out of jail for $7,000.

Plaintiff filed the Complaint on September 17, 2019, asserting claims against Detective Ritenour in his individual and official capacities, Sheriff Blackman in his official capacity, and Deputy Davidson in his official capacity. DE 1, at 2 ¶¶ 7–9.[2] The Complaint alleges false arrest against all Defendants, supervisory liability under 42 U.S.C. § 1983 against Blackman, and "failure to product [sic] evidence and conflict of interest" against Ritenour. Defendants move to dismiss on the basis that the claim against Davidson is duplicative and that Plaintiff has failed to state a claim as to Ritenour and Blackman.

---

[1] The Complaint lists this date as "02/05/2019." DE 1, at 4 ¶ 19. As this date is nearly a year after the date Plaintiff alleges the warrant was submitted, the Court infers that this was a typographical error and the correct date was February 5, 2018.
[2] The caption of the Complaint lists "Highlands County Sheriff's Office" as a distinct entity, but Plaintiff does not include the Sheriff's Office separately in the "Parties" section of the Complaint. The Court construes references in the Complaint to the "County" or "Sheriff" to be references to Sheriff Blackman in his official capacity.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). At the motion to dismiss stage, the "plaintiff's factual allegations are accepted as true. . . . However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). A *pro se* plaintiff's "pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

## III. DISCUSSION

### a. Count I: False Arrest (Malicious Prosecution)

Plaintiff sues all Defendants for false arrest, which the Court construes as a section 1983 claim for false arrest.[3] An officer who makes a warrantless arrest without probable cause violates the Fourth Amendment and can be liable under section 1983. *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010). However, when an arrest is made pursuant to a warrant, the proper claim is one for malicious prosecution, not false arrest. *Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) (citing *Whiting v. Traylor*, 85 F.3d 581, 585 (11th Cir. 1996)). Here, Plaintiff alleges that he was arrested pursuant to a warrant. Accordingly, his claim should be for malicious prosecution. In light of

---

[3] Although false arrest is also a tort under Florida law, Plaintiff's complaint does not make any reference to Florida law, instead stating: "This action arises under the Constitution and laws of the United States, particularly, 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution." DE 1, at 1 ¶ 1.

Plaintiff's *pro se* status, the Court considers whether Plaintiff has stated a claim for malicious prosecution.

A claim for malicious prosecution under section 1983 requires Plaintiff to (1) state a claim for common-law malicious prosecution and to (2) demonstrate an unreasonable seizure in violation of the Fourth Amendment. *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004). As to the first prong, the elements of common-law malicious prosecution under Florida law are:

> (1) [A]n original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

*Id.* (citing *Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. Dist. Ct. App. 2002)). Plaintiff has alleged that a judicial proceeding was commenced. *See Whiting*, 85 F.3d at 585 ("Obtaining an arrest warrant is one of the initial steps of a criminal prosecution."). Plaintiff has also alleged that Defendant Ritenour was the legal cause of the warrant's issuance by virtue of his role in preparing the affidavit to obtain the warrant. Finally, Plaintiff alleged that he suffered damages because he was detained at the Highlands County Sheriff's Jail. However, Plaintiff has not established elements 3, 4, or 5. The Complaint does not describe how and whether the criminal proceeding ended, does not show that there was an absence of probable cause for proceeding, and does not demonstrate malice on the part of Ritenour.

In fact, the Complaint does not contain enough factual matter, even liberally construed, for the Court to understand the basic nature of the dispute. The Court can infer that Plaintiff's criminal charges related in some way to Plaintiff's involvement in construction or general contracting, but the Complaint lacks any explanation of what the relevant construction/contracting project was, what Plaintiff was accused of doing, or the relevance of Ritenour's interaction with property owner Debra

4

Graves. The Complaint does not attach the probable-cause affidavit or the arrest warrant, nor does it state their contents. Further, the Complaint fails to describe the circumstances of Ritenour's investigation and the specific misrepresentations Ritenour allegedly made in his affidavit. Accordingly, Plaintiff has not satisfied the first prong of his malicious prosecution claim against Ritenour.

As to the second prong, an unreasonable seizure in violation of the Fourth Amendment, Plaintiff must show that he was arrested without probable cause. *See Grider v. City of Auburn*, 618 F.3d 1240, 1256 (11th Cir. 2010) ("[I]t is well established that an arrest without probable cause is an unreasonable seizure that violates the Fourth Amendment."). Although Plaintiff alleges he was arrested, he has not shown an absence of probable cause. Accordingly, he has not satisfied the second prong of his malicious prosecution claim against Ritenour, and this Count is dismissed without prejudice with respect to Ritenour, with leave for Plaintiff to amend and include additional facts as described above.

The Complaint also fails to state a claim under this count with respect to the other two Defendants, Davidson and Blackman. Plaintiff sues Davidson solely in his official capacity as a deputy sheriff of Highlands County. "[A] suit against a governmental official in his official capacity is deemed a suit against the entity that he represents." *Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). Here, Plaintiff also sues Defendant Blackman in his official capacity as Sheriff of Highlands County. Thus, this claim against Davidson in his official capacity is duplicative of the claim against Blackman in his official capacity. Accordingly, Defendant Davidson is dismissed with prejudice from the case with respect to any claims against him in his official capacity.

As to Blackman, because claims against him in his official capacity are effectively claims against Highlands County, Plaintiff is required to state a claim under *Monell v. Dep't of Soc. Servs.*

*of N.Y.*, 436 U.S. 658 (1978). In *Monell*, the Supreme Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," but rather "it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. To state a claim under *Monell*, Plaintiff must show: "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

For the reasons described above, Plaintiff has not shown that his constitutional rights were violated. Further, Plaintiff has not pled any facts showing that Highlands County had a policy or custom of misconduct with respect to probable-cause affidavits or malicious prosecution. The Complaint does not include any instances of similar conduct by the Highlands County Sheriff's Office or demonstrate that Ritenour was acting pursuant to official policy or custom. Accordingly, this count is dismissed without prejudice with respect to Blackman.

    b.    **Count II: Section 1983**

Count II, styled "Violation of Civil Rights 42 U.S.C. Section 1983," is brought against "Defendant COUNTY, SHERIFF and BLACKMAN." As discussed, claims against "Sheriff" or "Blackman" are essentially claims against Highlands County, so the Court construes this count as solely against Blackman in his official capacity. The Complaint alleges that that Blackman "had a duty to adequately train, supervise and discipline their deputy sheriffs in order to protect members of the public, including Plaintiff from being harmed by such deputies unnecessarily." DE 1, at 6 ¶ 36.

A failure to train deputies may support a *Monell* claim "where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants [such that the failure to train] can be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488 (11th Cir. 1997) (quoting *City of*

6

*Canton v. Harris*, 489 U.S. 378, 389 (1989)) (alteration in original). Here, the Complaint fails to state a *Monell* claim for the same reasons described above. First, Plaintiff has not established that his constitutional rights were violated. Second, the Complaint includes no facts supporting the allegation that the Highlands County Sheriff's Office fails to train, supervise, or discipline its deputies in a manner constituting a policy or custom. Third, the Complaint does not allege facts showing that Ritenour's actions were the result of such a policy or custom. Accordingly, this count is dismissed without prejudice.

### c. Count III: Failure to Produce Evidence/Conflict of Interest

Count III, which is solely against Ritenour, is styled "Failure to Product [sic] Evidence and Conflict of Interest." The Court is unable to determine the legal theory Plaintiff pursues in this count. It appears to relate to Ritenour's interactions with Debra Graves, stating: "Detective Ritenour, created a conflict of interest in establishment of probable cause and assisted Debra Graves in her verbal Complaint. Debra Graves is a well-known person [in] Highlands County." DE 1, at 7 ¶ 41. However, the Complaint does not describe Debra Graves's role in this dispute or the nature of Ritenour's interactions with her. This Count also alleges that Ritenour's probable-cause affidavit contradicted Ritenour's sworn testimony in a prior criminal trial, but the Complaint does not explain how. This claim is dismissed without prejudice, with leave for Plaintiff to amend to identify the legal basis for this claim and to plead facts sufficient for the Court to understand the nature of Ritenour's alleged failure to produce evidence and/or conflict of interest.

It is **ORDERED AND ADJUDGED**:

1. The Motions to Dismiss filed by Defendants Davidson [DE 17], Blackman [DE 18], and Ritenour [DE 19] are **GRANTED**.

2. Plaintiff's Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE**, except that Count I is **DISMISSED WITH PREJUDICE** with respect to Defendant Davidson in his official capacity.

3. Any amended complaint, consistent with the Court's ruling, is due on or before **December 26, 2019**. <u>Failure to file an amended complaint by such date will result in this case being closed without further notice</u>.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 12th day of December, 2019.

                                            ROBIN L. ROSENBERG
                                            UNITED STATES DISTRICT JUDGE

Copies furnished to: All counsel of record via CM/ECF